IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID THOM, CRYSTEL THOM, WILLIAM
CADWALLADER, ROBERT L. WENTWORTH,
RAYMOND BOYLE, and MICHAEL O'GRADY,

                Plaintiffs,

    v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, SUSAN CONNER,
SHAWN MURPHY, KENNETH MANTHEY,
JASON STENBERG, ROBERT BAGNELL,
KEITH KLAFKE, BENJAMIN NEUMANN,
KEVIN TODRYK, PETER WARNING,
PETER BARTACZEWICZ, ANTHONY BRAUNER,
MICHAEL SCHULZ, DAWN WILCOX, MARIE MOE,
SCOTT KLICKO, BRIAN NOLL,
ROGER BRANDNER, JOSEPH RUF,
JORDAN HAUETER, LEDA WAGNER,
DOUGLAS JARZYNSKI, DAVID CLARK,
MICHAEL HAVERLEY, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
TERRI PULVERMACHER, MAX JENANASCHET,
CORY MILLER, GREGORY BISCH,
THOMAS M. DRURY, CHARLES MILLER,
KATHRYN E. MILLER, and ROBERT BECKER,

                Defendants.

ORDER

18-cv-368-jdp

---

Plaintiffs David Thom, Crystel Thom, William Cadwallader, Robert Wentworth, Raymond Boyle, and Michael O'Grady jointly bring this lawsuit against a host of officials from the Portage and Columbia County governments and others, in which they allege that the officials have collectively participated in violations of their constitutional rights through the actions of a multi-county drug task force. The court is awaiting answers or other responsive pleadings by the various sets of defendants. Currently before the court are two submissions.

Plaintiff O'Grady has filed a motion asking the court to refer evidence of criminal wrongdoing to the United States attorney or directly to a grand jury. Dkt. 50. But this court's role is to resolve disputes in the context of a lawsuit, not initiate criminal investigations. O'Grady is free to contact the United States Attorney himself, but I will deny his motion.

Plaintiffs O'Grady and Boyle seek a temporary restraining order or preliminary injunction enjoining defendants from participating in ongoing litigation involving plaintiffs and vacating state-court restraining orders or injunctions that have been entered in those cases. I take plaintiffs to be saying that state courts have issued restraining orders against O'Grady in these cases. (It is unclear why Boyle but none of the other plaintiffs joined in this motion, as the motion itself does not mention Boyle.) But this court does not have the authority to review state-court judges' decisions to issue injunctive relief against O'Grady.

Under the *Rooker-Feldman* doctrine, a party "complaining of an injury caused by [a] state-court judgment" cannot seek redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291–92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Generally, litigants who feel that a state court proceeding has violated their rights must appeal that decision through the state court system and then, if appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361–62 (7th Cir. 2010). If O'Grady wishes to challenge the injunctions entered against him, he must do so in state court.

There are two other issues that these filings raise. First, when multiple unrepresented plaintiffs file a case together, Federal Rule of Civil Procedure 11 requires all of the plaintiffs to sign each paper the plaintiffs submit to the court. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th

Cir. 2004). That did not happen with these two submissions. In the future, each plaintiff must sign each paper, or I will direct the clerk of court to return it.

Second, plaintiff O'Grady faces a filing bar entered by the Court of Appeals for the Seventh Circuit. The court of appeals has sanctioned him as follows:

> Any future suits or appeals tendered in any court of this circuit without prepayment of all applicable fees will be rejected. Moreover, until O'Grady has paid the filing fees already accumulated in his campaign of litigation, the clerks of every court in this circuit will decline to accept additional papers tendered in any suit that may be pending.

*See O'Grady v. Habeck*, No. 11-3881 (7th Cir. Apr. 24, 2012). The problem for plaintiffs in this case is any future filing they submit in this lawsuit must be signed by O'Grady and thus will run afoul of the "additional papers" part of the sanction. This court simply cannot accept filings submitted by O'Grady unless he has paid off his accumulated debt from his previous cases. I will give O'Grady a short time to respond to this order, explaining whether he has indeed paid off this debt. If he has not, I will have to dismiss the case unless O'Grady and his co-plaintiffs agree to have him withdraw as a plaintiff.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael O'Grady's motion to refer evidence of criminal wrongdoing, Dkt. 50, is DENIED.

2. Plaintiffs O'Grady and Raymond Boyle's motion for preliminary injunctive relief, Dkt. 52, is DENIED.

3. Plaintiff O'Grady may have until July 17, 2018, to respond to this order, explaining whether he has paid off the filing fees that are the subject of the 2012 court of appeals' sanction order.

Entered July 3, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge