IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID THOM, CRYSTAL THOM,
WILLIAM CADWALLADER,
ROBERT L. WENTWORTH, RAYMOND BOYLE,
and MICHAEL O'GRADY,

              Plaintiffs,

   v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, SUSAN CONNER,
SHAWN MURPHY, KENNETH MANTHEY,
JASON STENBERG, ROBERT BAGNELL,
KEITH KLAFKE, BENJAMIN NEUMANN,
KEVIN TODRYK, PETER WARNING,
PETER BARTACZEWICZ, ANTHONY BRAUNER,
MICHAEL SCHULZ, DAWN WILCOX, MARIE MOE,
SCOTT KLICKO, BRIAN NOLL,
ROGER BRANDNER, JOSEPH RUF,
JORDAN HAUETER, LEDA WAGNER,
DOUGLAS JARZYNSKI, DAVID CLARK,
MICHAEL HAVERLEY, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
TERRI PULVERMACHER, MAX JENANASCHET,
CORY MILLER, GREGORY BISCH,
THOMAS M. DRURY, CHARLES MILLER,
KATHRYN E. MILLER, ROBERT BECKER,
CHARLES CHURCH, and MARK HAZELBAKER,

              Defendants.

OPINION and ORDER

18-cv-368-jdp

---

      In this civil action for injunctive and declaratory relief, plaintiffs David Thom, Crystal Thom, William Cadwallader, Robert Wentworth, Raymond Boyle, and Michael O'Grady have raised numerous federal and state constitutional claims against 40 defendants associated with numerous local government entities, including the City of Portage, Portage School District, Columbia County, the City of Lodi, the Village of Pardeeville, and Marquette County.

Plaintiffs allege that defendants have acted collectively to violate their constitutional rights by creating a multi-county drug task force that engages in racial profiling and conducts unlawful searches and seizures at local high schools. Plaintiffs also accuse defendants of engaging in racketeering, distributing drugs, evading taxes, extorting local businesses, covering up murders committed by local police, and violating various other constitutional provisions.

There are several motions before the court. First, on July 25, 2018, I entered an order explaining that plaintiff O'Grady was subject to a filing bar imposed by the Court of Appeals for the Seventh Circuit that prohibited him from filing any documents in any case in this circuit until he paid off the filing fees he had accumulated from previous frivolous litigation. *See O'Grady v. Habeck,* No. 11-3881 (7th Cir. Apr. 24, 2012). I stated that O'Grady could not proceed with their lawsuit until the filing bar had been lifted. O'Grady has responded, submitting evidence that he has paid off all of his filing fees and that the court of appeals vacated his filing bar on August 13, 2018. Dkt. 99-1. In light of this evidence, I will accept documents filed by O'Grady in this case.

Next, a subset of the defendants filed motions to partially dismiss the complaint. Plaintiffs then filed a motion to amend and supplement their complaint, realleging all of their allegations and claims from the initial complaint and adding claims against two additional defendants. I will grant plaintiffs' motion and I will consider the original complaint, Dkt. 1, and the supplement, Dkt. 63, to be the operative pleading. Defendants have renewed their motions for partial dismissal, which are now ready for decision. Dkt. 58 and Dkt. 76.

As explained below, I am granting in part and denying in part defendants' motions to dismiss specific claims from the amended complaint. Under the court's inherent authority to manage cases, I am dismissing the remainder of the amended complaint without prejudice

2

because it violates Rules 8 and 20 of the Federal Rules of Civil Procedure. I will give plaintiffs an opportunity to explain to the court how they wish to proceed with their claims.

ANALYSIS

Plaintiffs' amended complaint is 29 single-spaced pages and contains nine "counts." Defendants have moved to dismiss five of the nine counts of the amended complaint. Even without considering the merits of defendants' motion, it is apparent that plaintiffs' amended complaint has several problems and must be dismissed in full. Many of plaintiffs' allegations are vague and conclusory. The complaint includes so much argument and legal jargon that it is difficult to discern the factual basis for many of plaintiffs' claims. But the most significant problem with plaintiffs' amended complaint is that it contains too many claims against too many defendants. Plaintiffs' claims cover a multi-year time period, involve numerous government officials and entities, and challenge several different government programs that appear to have little relationship to each other. Even if there is some relationship between the claims and defendants, the sheer number of claims and defendants would render this case unmanageable. Therefore, even if defendants had not filed a motion to dismiss some of plaintiffs' claims, I would not have permitted plaintiffs to proceed with this case as they have structured it. For these reasons, I will resolve the specific arguments raised by defendants in their motions to dismiss and then will direct plaintiffs to respond to this order by clarifying how they wish to proceed with their remaining claims.

**A. Defendants' motions to dismiss specific claims**

Defendants argue that Count 4 of the amended complaint should be dismissed as barred by the applicable statute of limitations; Counts 5, 6, and 9 should be dismissed for failure to

state a claim upon which relief may be granted; and Count 7 should be dismissed for lack of standing. I address each of these arguments below.

1. **Count 4: defendants Jarzynski, Wagner, Jenanaschet, and Pulvermacher violated plaintiff Cadwallader's constitutional rights in 2010**

Count 4 of the amended complaint seeks a declaration that defendants Jarzynski, Wagner, Jenanaschet, and Pulvermacher violated plaintiff Cadwallader's Fourth and Fourteenth Amendment and state law rights in 2010, when they forced entry into his residence purportedly to perform a wellness check on Cadwallader's guest, Kelly Bishell. Cadwallader alleges that defendants entered his home without a warrant or consent and that they subsequently shot and killed Bishell.

Defendants move to dismiss Count 4 on the ground that Cadwallader's claim is barred by the six-year statute of limitations that applies to claims brought under 42 U.S.C. § 1983 in Wisconsin. *See Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Defendants' argument is persuasive. Cadwallader's challenge to the reasonableness of the warrantless entry into his residence falls under the Fourth Amendment. *See Sutterfield v. City of Milwaukee*, 751 F.3d 542, 550 (7th Cir. 2014) (claim that police acted unlawfully by forcibly entering home to detain potentially suicidal individual fell under Fourth Amendment); *Johnson v. Manitowoc Cty.*, 635 F.3d 331, 336 (7th Cir. 2011) ("[C]hallenges to the 'reasonableness of a search by government agents clearly fall under the Fourth Amendment, and not the Fourteenth.'") (quoting *Conn v. Gabbert*, 526 U.S. 286, 293 (1999)). Fourth Amendment claims accrue at the time the alleged violation occurred, so Cadwallader's claim accrued in 2010 at the time of the warrantless entry. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("[A] claim asserting that a search or seizure violated the Fourth Amendment . . . accrues immediately.") (citations

omitted); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998) (same). Because the claim accrued more than six years before plaintiffs filed this lawsuit, it is barred by the statute of limitations.

Plaintiffs respond that the six-year limitation period did not begin to run until 2016 or 2017, when Cadwallader learned that Jarzynski had claimed falsely that Cadwallader had given verbal permission for Jarzynski to enter his residence. But it is not Jarzynski's alleged false statements that provide the factual basis for Cadwallader's Fourth Amendment claim; it is the alleged warrantless entry in November 2010. Because plaintiffs concede that the entry occurred more than six years before they filed suit, the claim is untimely. Therefore, I will grant defendants' motion to dismiss Count 4 of the amended complaint.

2. **Count 5: defendants Foster, Murphy, Manthey, Noll, Klicko, Brandner, Drury, Miller, Miller, Ruf, Becker, Poches, and Kvalo failed to prevent others from conspiring to violate various federal and state constitutional rights**

Count 5 of the amended complaint alleges that numerous defendants had final policy- and decision-making authority and could have restrained or prevented others from conspiring to violate plaintiffs' constitutional rights, but that defendants failed to do so. Defendants move to dismiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiffs provide no factual basis for it. Plaintiffs respond that they need to conduct discovery so that they may find a factual basis for this claim, but this response is inadequate.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must do more than state "bare legal conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Id.* at 557. This means that the plaintiff must "plead[] factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this instance, plaintiffs have failed to identify any factual basis for the claim set forth in Count 5 of their amended complaint. Plaintiffs do not identify any specific actions that the individual defendants took or failed to take that resulted in a conspiracy to violate plaintiffs' rights. Therefore, I will grant defendants' motion to dismiss Count 5 for failure to state a claim upon which relief may be granted.

3. **Count 6: defendants Brandmer, Haverly, Smit, Haueter, Clark, Cory Miller, and Becker targeted plaintiff Wentworth's business by conducting excessive surveillance, stopping and interrogating customers, and aggressively soliciting donations from employees and customers**

Count 6 of the amended complaint alleges that several defendants targeted plaintiff Wentworth's business by conducting excessive surveillance, stopping and interrogating customers, and aggressively soliciting donations from employees and customers for the Columbia County Deputy Sheriff Association. Defendants argue that Wentworth's allegation that defendants solicited donations for the Deputy Sheriff Association does not implicate any constitutional claim.

Defendants' argument for dismissal of Count 6 is not persuasive. Although Wentworth's allegations relating to the solicitations for donations are vague, he includes other allegations as part of Count 6 that are sufficient to implicate his constitutional rights. Wentworth alleges that law enforcement defendants harassed his customers and engaged in excessive surveillance of his bar, while ignoring blatantly illegal activities at other similarly situated bars. His allegations suggest that the harassment was caused by an official policy or practice. These allegations are sufficient to state a claim that Wentworth was singled out for harassment without a rational basis, in violation of his right to equal protection under the

Fourteenth Amendment. *See Brunson v. Murray*, 843 F.3d 698, 706 (7th Cir. 2016); *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 914 (7th Cir. 2012). Therefore, I will deny defendants' motion to dismiss Count 6 for failure to state a claim.

> **4. Count 7: challenging a parking ticket that plaintiff O'Grady received, the constitutionality of a Portage High School policy requiring students to obtain parking permits, and the constitutionality of a Portage Community School Board policy relating to student fundraising**

Count 7 of the amended complaint includes claims by plaintiff O'Grady challenging various policies and practices of Portage High School and Portage Community School District. O'Grady alleges that Portage High School requires students who park at the school lot to obtain parking permits and that he received a "no permit" ticket when he parked in the lot, even though he had a permit in his vehicle. After he received the ticket, he was prohibited from challenging it. O'Grady seeks to challenge the ticket, as well as the policy requiring parking permits. He also seeks to challenge the constitutionality of a policy related to student fundraising.

Defendants have moved to dismiss O'Grady's challenges to the high school's parking permit policy and the district's student fundraising policy solely on the ground that O'Grady lacks standing to challenge the policies. Defendants argue that the two policies are applicable to students, not to O'Grady, and that he has suffered no injury as a result of these policies. To establish standing, O'Grady "must demonstrate that [he] ha[s] 'suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision.'" *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

O'Grady responds that he suffered injury as a result of the parking-permit policy, because defendants have relied on the policy to target his vehicle for ticketing. I agree with O'Grady that he has alleged a concrete and particularized injury traceable to the challenged policy. Because defendants do not develop any argument as to why the targeting of O'Grady is insufficient to establish standing, I will deny their motion to dismiss this aspect of Count 7 for lack of standing.

Defendants' argument regarding the district fundraising policy is more persuasive. O'Grady contends that he has standing to challenge the district fundraising policy because he is a "taxpayer," but this argument fails. Municipal-taxpayer challenges to municipal actions are not subject to the same stringent standing requirements as state and federal taxpayers seeking to challenge state and federal actions. *Hinrichs v. Speaker of House of Representatives of Indiana Gen. Assembly*, 506 F.3d 584, 600 (7th Cir. 2007). But litigants seeking to establish municipal-taxpayer standing still must show that (1) they are municipal taxpayers and (2) the municipality has used tax revenues to engage in unconstitutional acts. *Freedom from Religion Found. v. Zielke*, 845 F.2d 1463, 1470 (7th Cir. 1988). In this instance, the amended complaint includes no allegations explaining what the fundraising policy is, why it is unconstitutional, or how any municipality has used tax revenues to engage in unconstitutional acts related to the fundraising policy. Accordingly, O'Grady has failed to establish standing to challenge the fundraising policy. I will grant defendants' motion to dismiss that claim.

5. **Count 9: defendants Brandner, Ruf, Haverley, Clark, Agnew, Ostzman, Miller, Bisch, Smit, Haueter, Garrigan, Drury, Cory Miller, and Kathryne Miller have conspired to deprive plaintiffs O'Grady, Boyle, Wentworth, and Cadwallader of their constitutional rights in violation of 42 U.S.C. § 1985(3)**

Count 9 alleges that several defendants have conspired to deprive plaintiffs O'Grady, Boyle, Wentworth, and Cadwallader of their constitutional rights. Defendants move to dismiss Count 9 on the ground that plaintiffs have failed to adequately allege the existence of a conspiracy. I agree with defendants and will dismiss Count 9.

Conspiracy under § 1985(3) requires a showing that "two or more persons" made an agreement for the purpose of depriving another person of his or her constitutional rights. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). An allegation that two agents of the same entity worked together to violate an individual's constitutional rights is not sufficient to allege a conspiracy, because the actions of the agents would be imputed to a single agency or employer. *Id.* ("When two agents of the same legal entity make an agreement in the course of their official duties . . . there has not been an agreement between two or more separate people."). In their amended complaint, plaintiffs allege that several discrete actions taken by individual defendants working for specific agencies violated their rights. For example, they allege that several defendants working for the Columbia County Sheriff's Office violated plaintiff Boyle's rights. Similarly, they allege that several defendants associated with the City of Portage Police Department violated plaintiff O'Grady's rights. But these actions cannot be considered "conspiracies" because the defendants involved in the discrete actions are associated with a single agency or organization, and plaintiffs have not alleged facts clearly linking any of the discrete actions by a specific agency to the actions of another agency. In other words, plaintiffs have not alleged the existence of any agreement to violate plaintiffs' rights that was formed

9

between agencies or between officials of different agencies. Therefore, plaintiffs have failed to allege the existence of a conspiracy sufficient to state a claim under § 1985(3). Accordingly, I will grant defendants' motion to dismiss Count 9.

### 6. Request that the court empanel a grand jury under 18 U.S.C. § 3332

Finally, defendants seek dismissal of plaintiffs' request that the court empanel a grand jury to investigate defendants. I will grant this part of defendants' motion. As I explained to plaintiffs in denying their motion for a preliminary injunction, this court's role is to resolve disputes in the context of a lawsuit, not to initiate criminal investigations. Dkt. 61 at 2.

## B. Remaining claims and Rules 8 and 20 of the Federal Rules of Civil Procedure

Having now resolved the arguments raised in defendants' motion to dismiss, I turn to plaintiffs' remaining claims. Plaintiffs' allegations can be grouped into the following categories of claims:

- **Lawsuit 1:** Plaintiffs' challenge to searches and seizures performed in schools by local law enforcement and a multi-county drug task force, including targeted searches, seizures, and interrogations of plaintiffs David and Chrystal Thom and plaintiff O'Grady's vehicle and children (Counts 1, 2, and 3);

- **Lawsuit 2:** Plaintiff Wentworth's claim that his business has been targeted for excessive surveillance and that his customers and employees have been harassed by local law enforcement (Count 6);

- **Lawsuit 3:** Plaintiff O'Grady's challenge to the Portage High School's parking permit policy and the ticket he received (Count 7);

- **Lawsuit 4:** Plaintiff Boyle's challenge to a Village of Pardeeville ordinance relating to riding lawn mowers and a ticket he received (part of Count 8);

- **Lawsuit 5:** Plaintiff Boyle's challenge to a warrantless entry into his residence and a subsequent unlawful arrest (part of Count 8); and

- **Lawsuit 6:** Plaintiffs' claim that defendants Church, Hazelbaker, and other defendants have taken various actions in retaliation for plaintiffs filing this lawsuit (supplement to complaint, Dkt. 64).

Although I am not dismissing these claims based on defendants' motions, I am dismissing these claims for different reasons.

First, these groups of claims do not belong together in the same lawsuit. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). In this instance, plaintiffs have tried to fit too many different claims into one case. Although they attempt to link the claims together with broad allegations of public corruption, their vague and conclusory allegations of corruption and conspiracy spanning multiple municipalities over several years are not enough to satisfy the requirements of Rule 20.

If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Illinois*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). Even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to maintain so many claims against so many different defendants in a single case. *Lee*, 635 F.3d at 971; *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d at 441.

Because plaintiffs' claims are unrelated and the complaint is unwieldy, I will dismiss plaintiffs' complaint under Rules 20 and 21 and direct plaintiffs to respond to this order

explaining how they wish to proceed with their claims. Only one of the groups of claims identified above may proceed under this case number. Therefore, plaintiffs must decide which group of claims will proceed under this case number and whether they wish to proceed with any other group of claims in a separate lawsuit. Plaintiffs will be required to pay a separate filing fee for each lawsuit on which they choose to proceed.

Regardless how plaintiffs choose to proceed, plaintiffs must submit new complaints clarifying their claims. The current complaint is too long, confusing, argumentative, and vague. As a result, the complaint violates Rule 8 of the Federal Rules of Civil Procedure because it fails to provide proper notice to defendants of plaintiffs' claims against them. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. 544 (2007)). Here, it is often difficult to discern the factual basis for plaintiffs' claims, which plaintiffs are suing under which claims, which defendants are being sued, and what actions each defendant took that violated plaintiffs' rights.

In sum, before plaintiffs may proceed further with any claim, they must respond to this order by:

(1) identifying which single lawsuit from the list above that they wish to proceed with under this case number;

(2) drafting an amended complaint that complies with Rule 8 and includes only the allegations related to the single lawsuit on which plaintiffs will proceed under this case number; and

(3) explaining whether they will proceed with the other lawsuits under new case numbers.

Plaintiffs should draft their amended complaint as if they were telling a story to someone who knows nothing about the events at hand. They should be sure to identify the specific defendants who are being sued and the specific actions taken by each defendant that plaintiffs believed violated their rights. Plaintiffs should refrain from including legal arguments, vague allegations of conspiracy or corruption, and extraneous background information about ongoing state court litigation. After the court receives plaintiffs' response, I will review the amended complaint and determine whether this case may proceed further.

Finally, I note that this lawsuit is substantially related to another lawsuit, *Kowald v. Columbia County, et al.*, Case No. 18-cv-582-jdp, that was removed to this court on July 25, 2018. I will issue a separate order addressing the motions pending in that lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for leave to file an amended complaint, Dkt. 63, is GRANTED.

2. Defendants' motions to dismiss, Dkt. 58 and Dkt. 76, are GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to Count 4, Count 5, Count 9, the portion of Count 7 relating to the school district's student fundraising policy, and plaintiffs' request that the court empanel a grand jury. The motion is DENIED in all other respects.

3. Plaintiffs' remaining claims are DISMISSED under Federal Rule of Civil Procedures 8 and 20.

4. Plaintiffs may have until April 15, 2019, to respond to this order as directed in the opinion above.

Entered March 25, 2019.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge