IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID THOM, CRYSTAL THOM,
WILLIAM CADWALLADER,
ROBERT L. WENTWORTH, RAYMOND BOYLE,
and MICHAEL O'GRADY,

                    Plaintiffs,

    v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, SUSAN CONNER,
SHAWN MURPHY, KENNETH MANTHEY,
JASON STENBERG, ROBERT BAGNELL,
KEITH KLAFKE, BENJAMIN NEUMANN,
KEVIN TODRYK, PETER WARNING,
PETER BARTACZEWICZ, ANTHONY BRAUNER,
MICHAEL SCHULZ, DAWN WILCOX, MARIE MOE,
SCOTT KLICKO, BRIAN NOLL,
ROGER BRANDNER, JOSEPH RUF,
JORDAN HAUETER, LEDA WAGNER,
DOUGLAS JARZYNSKI, DAVID CLARK,
MICHAEL HAVERLEY, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
TERRI PULVERMACHER, MAX JENANASCHET,
CORY MILLER, GREGORY BISCH,
THOMAS M. DRURY, CHARLES MILLER,
KATHRYN E. MILLER, ROBERT BECKER,
CHARLES CHURCH, and MARK HAZELBAKER,

                    Defendants.

OPINION and ORDER

18-cv-368-jdp

---

In this civil action for injunctive and declaratory relief, plaintiffs David Thom, Crystal Thom, William Cadwallader, Robert Wentworth, Raymond Boyle, and Michael O'Grady have raised numerous federal and state constitutional claims against 40 defendants associated with numerous local government entities, including the City of Portage, Portage School District, Columbia County, the City of Lodi, the Village of Pardeeville, and Marquette County. On

March 25, 2019, I issued an order that granted, in part, defendants' motion to dismiss several of plaintiffs' claims for failure to state a claim upon which relief could be granted and as barred by the applicable statute of limitations. Dkt. 100. I explained that plaintiffs' remaining allegations could be grouped into the following categories of claims:

- **Lawsuit 1:** Plaintiffs' challenge to searches and seizures performed in schools by local law enforcement and a multi-county drug task force, including targeted searches, seizures, and interrogations of plaintiffs David and Chrystal Thom and plaintiff O'Grady's vehicle and children (Counts 1, 2, and 3);

- **Lawsuit 2:** Plaintiff Wentworth's claim that his business has been targeted for excessive surveillance and that his customers and employees have been harassed by local law enforcement (Count 6);

- **Lawsuit 3:** Plaintiff O'Grady's challenge to the Portage High School's parking permit policy and the ticket he received (Count 7);

- **Lawsuit 4:** Plaintiff Boyle's challenge to a Village of Pardeeville ordinance relating to riding lawn mowers and a ticket he received (part of Count 8);

- **Lawsuit 5:** Plaintiff Boyle's challenge to a warrantless entry into his residence and a subsequent unlawful arrest (part of Count 8); and

- **Lawsuit 6:** Plaintiffs' claim that defendants Church, Hazelbaker, and other defendants have taken various actions in retaliation for plaintiffs filing this lawsuit (supplement to complaint, Dkt. 64).

Because these claims could not proceed together in the same lawsuit and many of plaintiffs' allegations were argumentative and confusing, I dismissed the remainder of plaintiffs' amended complaint without prejudice under Rules 8 and 20 of the Federal Rules of Civil Procedure. I explained that if plaintiffs wanted to proceed with their lawsuit, they needed to:

(1) identify which single lawsuit from the list above that they wish to proceed with under this case number;

(2) draft an amended complaint that complies with Rule 8 and includes only the allegations related to the single lawsuit on which plaintiffs will proceed under this case number; and

(3) explain whether they will proceed with the other lawsuits under new case numbers.

Plaintiff O'Grady responded to the March 25 order by filing a response, Dkt. 101, a motion for extension of time to respond, Dkt. 102, and a proposed amended complaint relating to Lawsuit 3 above, Dkt. 105. Plaintiffs Crystal Thom and David Thom also filed a motion for extension of time, Dkt. 103, and joined O'Grady in filing a proposed amended complaint related to Lawsuit 1, Dkt. 104. Plaintiff Boyle filed his own motion for extension of time, Dkt. 106, stating that he intends to pursue Lawsuits 4 and 5. All of the plaintiffs then joined with three new proposed plaintiffs—Joann Winter, Robert Zeier, and John Gruber—to file a motion requesting leave to file a new complaint challenging the constitutionality of a Wisconsin statute. Dkt. 107 and Dkt. 108. Finally, O'Grady, Crystal Thom, David Thom, Boyle, Zeier, Winter, and Gruber filed proposed complaints alleging that they had been retaliated against for filing this case and for other protected activity. Dkt. 109 and Dkt. 110.

I am denying all of the pending motions because they do not comply with the instructions I gave in the March 25 order. Instead of choosing one of the six lawsuits identified above and filing a single amended complaint, plaintiffs have filed several complaints within this case. It appears that plaintiffs wish to proceed on all of the lawsuits identified above, in addition to new claims regarding Wisconsin statutes and acts of retaliation. But plaintiffs have submitted only one filing fee and can proceed under case number 18-cv-368-jdp with **only one** of the lawsuits identified above. There can be **only one** operative complaint in this case.

I will give plaintiffs one more opportunity to identify which single lawsuit they wish to proceed with in *this* case. They may do so by submitting a letter identifying which of the proposed amended complaints (by docket number) that they wish to proceed with under this case number, or by filing a new proposed amended complaint. In light of the confusion and delay caused by the numerous filings by plaintiffs, I will not consider multiple filings by different subsets of plaintiffs. All plaintiffs must sign the letter and all plaintiffs who intend to continue as plaintiffs must sign the proposed amended complaint. After the court receives plaintiffs' response, I will review the amended complaint and determine whether the case they choose may proceed further.

If plaintiffs want to pursue any claims in addition to the claims on which they will pursue under this case number, plaintiffs must file complaints in new cases and pay a separate filing fee for each of the cases that they want to pursue. Plaintiffs should know that O'Grady is subject to a filing restriction that requires him to pay filing fees in full before he may proceed with any case in any court in the Seventh Circuit. *See O'Grady v. Habeck*, Case No. 11-3881, Dkt. 14 (7th Cir. Apr. 24, 2012) ("Any future suits or appeals tendered in any court of this circuit without prepayment of all applicable fees will be rejected."). In other words, if O'Grady is a plaintiff in any of new cases that plaintiffs file, plaintiffs must pay the $400 fee before they can proceed.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motions regarding documents, extensions of time, and leave to file amended complaints, Dkts. 101, 102, 103, 104, 105, 106, 107, 109, and 110, are DENIED.

2. Plaintiffs may have until July 9, 2019, to respond to this order as directed in the opinion above. If plaintiffs do not respond by July 9, I will dismiss this case for failure to comply with a court order.

Entered June 26, 2019.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge