IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID THOM, CRYSTAL THOM,
and MICHAEL O'GRADY,

                Plaintiffs,

v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

                Defendants.

OPINION and ORDER

18-cv-368-jdp

---

MICHAEL O'GRADY, DAVID THOM, and
CRYSTAL THOM,

                Plaintiffs,

v.

CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBERT KVALO, DANIEL GARRIGAN,
CHARLES POCHES, PETER HIBNER, MATTHEW
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

                Defendants.

OPINION and ORDER

18-cv-582-jdp

| | | |
|---|---|---|
| MICHAEL O'GRADY, | | |
| Plaintiff, | | |
| v. | | OPINION and ORDER |
| CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, KEVIN TODRYK, MARIE MOE, and DAWN WILCOX, | | 19-cv-515-jdp |
| Defendants. | | |

| | | |
|---|---|---|
| MICHAEL O'GRADY, RAYMOND BOYLE, ROBERT WENTWORTH, CRYSTAL THOM, DAVID THOM, and WILLIAM CADWALLADER, | | |
| Plaintiffs, | | |
| v. | | OPINION and ORDER |
| COLUMBIA COUNTY, CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, VERN GOVE, JOSEPH RUF, SHAWN MURPHY, MATHEW FOSTER, CHARLES POCHES, MARK HAZELBAKER, ANYTIME FITNESS CORP., ANDREW GUNDLACH, MARK SMIT, BENJAMIN OETZMAN, ALEXANDER AGNEW, DENNIS RICHARDS, MAX JENATSCHECK, and CHARLES CHURCH, | | 19-cv-518-jdp |
| Defendants. | | |

Several motions to dismiss parts of these related cases are now before the court. Some defendants' filings reflect confusion over the scope of these cases and the nature of plaintiffs' claims. The confusion is understandable, in light of plaintiffs' voluminous pleadings and the large number of allegations, claims, and parties involved in these cases. So before I get to the merits of the motions, I'll review the background to clarify what is at issue in each case.

All of these cases were brought by plaintiff Michael O'Grady, with various combinations of additional plaintiffs, alleging that numerous local government entities and officials violated

2

plaintiffs' rights under the United States Constitution and state law. Case number 18-cv-368-jdp was filed first, but I dismissed the complaint because plaintiffs had tried to fit too many unrelated claims into the same lawsuit. Plaintiffs filed an amended complaint narrowing their claims. Dkt. 104 in 18-cv-368-jdp. Case number 18-cv-368-jdp now concerns the searches and seizures conducted at schools in the City of Portage by local law enforcement, brought by Michael O'Grady, David Thom, and Crystal Thom. Defendants associated with the City of Portage, City of Lodi, Columbia County, and Portage Community School District have filed motions to dismiss in 18-cv-368-jdp.

Shortly after filing 18-cv-368-jdp, plaintiffs filed a lawsuit in state court that repeated many of the same allegations that were in their original complaint in 18-cv-368-jdp. Defendants removed the case to this court, where it was assigned case number 18-cv-582-jdp, and severed into separate lawsuits. Each of the separate suits faces motions to dismiss filed by some set of defendants. I have resolved several of the motions in previous orders. There are motions in three of these cases that still require court resolution: 18-cv-582-jdp; 19-cv-515-jdp; and 19-cv-518-jdp. The 18-cv-582-jdp case includes claims that duplicate the claims in 18-cv-368-jdp, relating to school district policies and searches and seizures performed in Portage schools. I will consolidate these two cases. In case number 19-cv-515-jdp, O'Grady challenges Portage High School's parking permit policy and a ticket he received under that policy. In case number 19-cv-518-jdp, O'Grady, Boyle, Wentworth, Crystal Thom, David Thom, and Cadwallader contend that several defendants have retaliated against them for plaintiffs' filing lawsuit 18-cv-368-jdp.

Plaintiff O'Grady and others have also filed a new case, 19-cv-248-jdp. I'll address the

motions pending in that case in a separate order.

I turn now to the defendants' motions to dismiss in 18-cv-368-jdp, 18-cv-582-jdp, 19-cv-515-jdp, and 19-cv-518-jdp.

ANALYSIS

**A. Count 5, paragraph 158 of count 9, and conspiracy claims**

In case numbers 18-cv-582-jdp, 18-cv-515-jdp, and 18-cv-518-jdp, defendants move to dismiss count 5, paragraph 158 of count 9, and any claim of conspiracy alleged in the original complaint that was filed in 18-cv-582-jdp, for failure to state a claim upon which relief may be granted. Dkt. 41 in 18-cv-582-jdp; Dkt. 13 in 19-cv-515-jdp; Dkt. 12 in 19-cv-518-jdp. As I explained in previous orders in the related cases, defendants' request for dismissal of counts 5 and 9 and any conspiracy claims is unnecessary, because I already dismissed the claims in those counts, and plaintiffs' conspiracy claims, in the order severing these cases. Dkt. 1; *Kowald v. Columbia Cty.*, No. 18-CV-582-JDP, 2019 WL 1332583, at *3 (W.D. Wis. Mar. 25, 2019) (dismissing "plaintiffs' claim that several defendants failed to prevent others from conspiring to violating plaintiffs' rights (Count 5)" and "plaintiffs' claim that several defendants conspired under 42 U.S.C. § 1985(3) to violate their rights . . . (Count 9)"). Therefore, I will deny defendants' requests for dismissal of these claims as moot.

**B. Case number 18-cv-368-jdp**

In case number 18-cv-368-jdp, plaintiffs contend that the Portage Community School District, Portage High School officials, and local law enforcement conducted unconstitutional searches and seizures at local schools in December 2017. Plaintiffs allege that numerous law enforcement officers arrived, at the invitation of Portage High School principal defendant

Robin Kvalo, and that the officers used drug-sniffing dogs to search student vehicles and lockers. Students, including plaintiff Crystal Thom, were held inside classrooms and were not permitted to leave. O'Grady alleges that his children were targeted, seized and interrogated, without probable cause, because they are not white. He alleges that when he arrived at the school and asked to see his children, defendant Meixner assaulted him. O'Grady also alleges that his vehicle was physically searched without probable cause. In 18-cv-368-jdp, plaintiffs seek declaratory and injunctive relief, and state that they are suing defendants in their "official capacities" only. The city and county defendants have filed motions to dismiss.

The City of Portage defendants (Daniel Garrigan, Kenneth Manthey, Jason Stenberg, Robert Bagnell, Keith Klafke, Benjamin Neumann, Peter Warning, Anthony Brauner, Cory Miller, and Michael Schutz), filed a motion to dismiss all of the claims against them for plaintiffs' failure to allege facts suggesting that a policy or practice of the City of Portage caused plaintiffs' alleged constitutional violations. Dkt. 120.

The city defendants' arguments are persuasive. Plaintiffs have not disputed that they are bringing only official capacity claims in case number 18-cv-368-jdp. Official capacity claims under 42 U.S.C. § 1983 are claims against the municipality, and such claims may proceed only under a theory that a municipal policy or practice caused the constitutional injury. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See also Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself," and may proceed only under a *Monell* theory). Plaintiffs' allegations do not suggest that any policy or practice of the City of Portage caused their alleged injuries. For example, they do not identify any specific city policy or practice that caused law enforcement officers to target O'Grady's children based on their race, search O'Grady's vehicle without probable cause,

5

or interrogate O'Grady's children and Crystal Thom without reasonable suspicion.

In their opposition brief, plaintiffs contend that the Portage Community School District's policy regarding searches and seizures caused their injuries. But that is a policy of the school district, not the city. Plaintiffs also contend that the city defendants' failure to follow state procedures in creating the drug task force is evidence of a city policy. But plaintiffs do not explain how the city's alleged failure to follow state procedural requirements amounts to an unconstitutional policy or practice that caused plaintiffs' injuries. Because plaintiffs have failed to identify any policy or practice of the City of Portage that caused their alleged constitutional injuries, I will grant the city defendants' motion to dismiss all of the claims against them in 18-cv-368-jdp.

For the same reasons, I will grant defendant Scott Klicko's motion to dismiss the claims against him in 18-cv-368-jdp. Dkt. 122. Klicko is the former chief of police for the City of Lodi, and plaintiffs sued him in his official capacity only. Plaintiffs include no specific allegations regarding Klicko's involvement in the drug sweep at Portage High School, and include no allegations that a policy or practice of the City of Lodi caused their alleged constitutional injuries. Therefore, plaintiffs have failed to state an official capacity claim against Klicko.

The county and school district defendants (David Clark, Mark Smit, Alexander Agnew, Benjamin Oetzman, Cory Miller, Gregory Bisch, Charles Poches, Matthew Foster, Peter Hibner, Robin Kvalo, Meixner, and Noll) also filed a motion to dismiss in 18-cv-368-jdp. Dkt. 117. The county and school district defendants seek dismissal of several specific claims that plaintiffs' raise in their complaint.

First, they seek dismissal of plaintiffs' Fifth Amendment due process claims (part of

6

counts 1 and 3). I agree that plaintiffs have failed to allege any facts supporting due process claims, so those claims will be dismissed.

Second, the county and school district defendants seek dismissal for lack of standing of any claims that plaintiffs are attempting to bring on behalf of their children or other students who have not been named as plaintiffs. Defendants also contend that O'Grady has failed to identify any injury that would support standing. Plaintiffs concede in their opposition brief that they cannot sue on behalf of non-parties, and that their claims must be based solely on their own injuries. Dkt. 126, at 2. Therefore, I will dismiss plaintiffs' claims brought on behalf of non-parties. But I will not dismiss O'Grady's claims arising out of the search and seizure. O'Grady alleges that he was seized and assaulted during a lockdown at Portage High School, that his children were targeted for searches and seizures by defendants, and that his car was searched without probable cause. These allegations are sufficient to establish standing. (Because defendants have not challenged O'Grady's or David Thom's assertions that their "parental interests" are sufficient to establish standing, I need not resolve that question at this stage.)

Third, the county and district defendants seek dismissal of plaintiffs' counts 4 and 8, both of which seek declarations regarding case law and defendants' legal authority. I agree with defendants that these counts do not state any claim on which relief may be granted against defendants, but instead seek the court's interpretation of the law. I will dismiss those claims for failure to state a claim.

## C.  Case number 18-cv-582-jdp

Plaintiffs' claims in case number 18-cv-582-jdp concern the drug sweep of Portage public schools that occurred in December 2017, and are nearly identical to their claims in 18-

7

cv-368-jdp. But in 18-cv-582-jdp, plaintiffs are seeking damages, and are suing defendants in their "personal capacities."

The city defendants filed a motion to dismiss portions of plaintiffs' complaint. First, defendants seek to dismiss, for lack of standing, plaintiffs' claims based on alleged unconstitutional seizures of non-parties. For the reasons explained above, I will dismiss those claims.

Second, the city defendants contend that plaintiffs have failed to allege that any city defendants were involved personally in the lockdown or seizures that affected Crystal Thom or O'Grady's children. But plaintiffs allege in their complaint that the City of Portage Police Department acted with county officials to conduct the drug sweep and lockdown. Plaintiffs allege specifically that defendants Garrigan, Stenberg, Warning, and Klafke were present and participated in the drug sweep and lockdown. These allegations are sufficient at this stage to state a claim against the city defendants regarding the constitutionality of the searches and seizures that affected O'Grady and Crystal Thom.

Third, the city defendants contend that O'Grady has not stated a claim against defendant Klafke based on Klafke's alleged failure to prevent a school official, Brad Meixner, from assaulting O'Grady. (Claim 3 in the original complaint, Dkt. 1-1.) O'Grady's allegations do not suggest that Klafke knew that Meixner would assault O'Grady or that Klafke had any duty to protect O'Grady from Meixner under the circumstances. Therefore, I will dismiss O'Grady's claim against Klafke relating to the alleged assault.

**D. Case number 19-cv-518-jdp**

Finally, in the motion to dismiss filed in 19-cv-518-jdp, the City of Portage defendants seek dismissal for lack of standing of the retaliation claims brought by all plaintiffs except

O'Grady. Defendants contend that only O'Grady can show that he suffered an injury that would support standing, because plaintiffs' retaliation claims are based on the harassment injunction proceedings that were filed by the city against O'Grady. But the city defendants are not the only defendants in this case. Plaintiffs have also sued Columbia County and county employees, and plaintiffs allege that Columbia County obtained an injunction against plaintiffs O'Grady, Boyle, Wentworth, Crystal Thom, David Thom, and Cadwallader in Columbia County Circuit Court, case number 2018CV230. Therefore, I will not dismiss the retaliation claims brought by Boyle, Wentworth, Crystal Thom, David Thom, and Cadwallader.

ORDER

IT IS ORDERED that:

1. The motion to dismiss filed by defendants Daniel Garrigan, Kenneth Manthey, Jason Stenberg, Robert Bagnell, Keith Klafke, Benjamin Neumann, Peter Warning, Anthony Brauner, Cory Miller, and Michael Schutz, Dkt. 120 in 18-cv-368-jdp, is GRANTED. Plaintiffs' claims against these defendants are DISMISSED.

2. Defendant Scott Klicko's motion to dismiss, Dkt. 117 in 18-cv-368-jdp, is GRANTED. Plaintiffs' claims against Klicko are DISMISSED.

3. The motion to dismiss filed by defendants Alexander Agnew, Gregory Bisch, David Clark, Matthew Foster, Peter Hibner, Robin Kvalo, Brad Meixner, Cory Miller, Brian Noll, Benjamin Oetzman, Charles Poches, Mark Smit, Dkt. 122 in 18-cv-368-jdp, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to plaintiffs' Fifth Amendment due process claims, plaintiffs' claims on behalf of non-parties, and counts 4 and 8. The motion is DENIED in all other respects.

4. The motion to dismiss filed by defendants City of Portage, Peter Warning, Keith Klafke, Jason Stenberg, and Daniel Garrigan, Dkt. 41 in 18-cv-582-jdp, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to plaintiffs' claims on behalf of non-parties and claim that defendant Klafke failed to protect plaintiff Michael O'Grady from an assault by Brad Meixner. The motion is

DENIED in all other respects.

5. The motion to dismiss filed by defendants City of Portage, Dawn Wilcox, Marie Moe, and Kevin Todryk, Dkt. 13 in 19-cv-515-jdp, is DENIED as moot.

6. The motion to dismiss filed by defendants City of Portage and Shawn Murphy, Dkt. 12 in 19-cv-518-jdp, is DENIED as moot.

7. Case numbers 18-cv-368-jdp and 18-cv-582-jdp are CONSOLIDATED and will proceed under case number 18-cv-368-jdp.

Entered January 27, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge