IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID THOM, CRYSTAL THOM,
and MICHAEL O'GRADY,

                    Plaintiffs,

        v.

DANIEL GARRIGAN, CHARLES POCHES,                OPINION and ORDER
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH                 18-cv-368-jdp
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

                    Defendants.

MICHAEL O'GRADY, DAVID THOM, and
CRYSTAL THOM,

                    Plaintiffs,

        v.
                                                OPINION and ORDER
CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBERT KVALO, DANIEL GARRIGAN,            18-cv-582-jdp
CHARLES POCHES, PETER HIBNER, MATTHEW
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

                    Defendants.

MICHAEL O'GRADY,

                              Plaintiff,

        v.                                                OPINION and ORDER

CITY OF PORTAGE, PORTAGE COMMUNITY                        19-cv-515-jdp
SCHOOLS, KEVIN TODRYK, MARIE MOE, and
DAWN WILCOX,

                              Defendants.

---

MICHAEL O'GRADY, RAYMOND BOYLE,
ROBERT WENTWORTH, CRYSTAL THOM,
DAVID THOM, and WILLIAM CADWALLADER,

                              Plaintiffs,

        v.

COLUMBIA COUNTY, CITY OF PORTAGE,                         OPINION and ORDER
PORTAGE COMMUNITY SCHOOLS, VERN GOVE,
JOSEPH RUF, SHAWN MURPHY, MATHEW                          19-cv-518-jdp
FOSTER, CHARLES POCHES, MARK HAZELBAKER,
ANYTIME FITNESS CORP., ANDREW GUNDLACH,
MARK SMIT, BENJAMIN OETZMAN, ALEXANDER
AGNEW, DENNIS RICHARDS, MAX
JENATSCHECK, and CHARLES CHURCH,

                              Defendants.

---

RAYMOND BOYLE,

                              Plaintiff,
                                                          OPINION and ORDER
        v.
                                                          19-cv-516-jdp
VILLAGE OF PARDEEVILLE, COLUMBIA COUNTY,
and MICHAEL HAVERLEY,

                              Defendants.

---

2

RAYMOND BOYLE,

                    Plaintiff,

            v.                                          OPINION and ORDER

COLUMBIA COUNTY, CORY MILLER,                           19-cv-517-jdp
DAVID CLARK, ALEXANDER AGNEW,
BENJAMIN OETZMAN, MARK SMIT,
JORDAN HAUETER, ROGER BRANDNER,
GREGORY BISCH, and MICHAEL HAVERLEY,

                    Defendants.

All of these cases were brought originally by plaintiff Michael O'Grady, with various combinations of additional plaintiffs, alleging that numerous local government entities and officials violated plaintiffs' rights under the United States Constitution and state law. The cases have been severed, consolidated, and reorganized, but still involve many of the same parties. Several identical and related motions are now pending in these cases. I resolve the motions as set forth below.

ANALYSIS

A.  Motion to disqualify counsel in 18-cv-518-jdp

Plaintiffs in the 18-cv-518-jdp case filed a motion to disqualify the law firms Axley Brynelson and Stafford Rosenbaum from representing defendants in that case based on an alleged conflict of interest. Dkt. 25. Plaintiffs' brief is difficult to understand. Plaintiffs argument seems to be that because these law firms have acted, and are acting, on behalf of the individual defendants in multiple contexts and in state court civil and criminal proceedings involving plaintiffs, the law firms have a conflict of interest that precludes them from

representing the individual defendants in this case. This argument is frivolous. It is not improper for attorneys to represent their clients in multiple civil and criminal matters in state and federal court. And plaintiffs have identified nothing about any of the actions taken by counsel for defendants that would cause a conflict of interest.

In response to plaintiffs' frivolous motion, defendants filed motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Dkt. 56 and Dkt. 59. Under Rule 11(c), a court may sanction any party that violates Rule 11(b). Rule 11(b) requires all parties to certify that the motions they file with the court are not being presented for an improper purpose, that the motions are warranted by existing law or by a nonfrivolous argument for modifying existing law, and that the motions are supported by evidence. Defendants contend that plaintiffs' motion to disqualify counsel violated Rule 11(b) because it was frivolous, was not supported by existing law related to standing or conflict of interest principles, and was not supported by any admissible evidence. Defendants have shown that they complied with the safe-harbor provisions of Rule 11 by notifying plaintiffs that their motion was frivolous and giving plaintiffs an opportunity to withdraw it.

I agree with defendants that plaintiffs' motion was frivolous and warrants Rule 11 sanctions. Plaintiffs' only argument in opposition to the sanctions motion is that plaintiffs have been unfairly subjected to state court proceedings and harassment. But plaintiffs do not explain how this would excuse their frivolous motion to disqualify counsel. Therefore, I will grant the motion for sanctions and will require plaintiffs to pay defendants' costs and fees incurred in responding to plaintiffs' motion to disqualify counsel and in preparing the motion for sanctions. If plaintiffs continue to file frivolous or indecipherable motions, I will consider more significant sanctions in the future, including dismissal of their lawsuits.

**B. Motions to compel discovery from plaintiffs**

In all of the above-captioned cases, the Portage defendants (City of Portage, Shawn Murphy, Daniel Garrigan, Jason Stenberg, Peter Warning, Keith Klafke, Kevin Todryk, Marie Moe, and Dawn Wilcox) have filed motions to compel each of the plaintiffs to respond to written discovery requests that they served on plaintiffs on February 24, 2020. As explained in defendants' submissions, several of the plaintiffs responded to defendants' discovery requests by stating that they were invoking their Fifth Amendment right against self-incrimination. Some of the plaintiffs later supplemented their responses by submitting vague or nonresponsive statements, state court documents, and a 170-page John Doe petition, but their supplements do not provide complete and substantive responses to defendants' discovery requests.

Only plaintiff O'Grady filed a brief in opposition to defendants' motions to compel, but his brief is mostly nonresponsive. He complains about being arrested on state charges and having ineffective representation in state court criminal proceedings, but his complaints are irrelevant to the discovery dispute at hand. O'Grady also says that defendants' counsel contacted him about his discovery responses, and that he has assured them that he will supplement his responses. So far, none of the plaintiffs have supplemented their discovery responses adequately.

Plaintiffs' invocation of the Fifth Amendment as a basis for refusing to respond to discovery is an abuse of the Fifth Amendment privilege against self-incrimination. The Fifth Amendment does not give witnesses complete freedom to refuse to answer all questions asked of them; the privilege applies only when a truthful answer to a question could subject the witness to criminal liability. *In re High Corn Syrup Antitrust Litigation,* 295 F.3d 651,663-64 (7th Cir. 2002). *See also United States v. Warner*, 830 F.2d 651,656 (7th Cir. 1987) (invocation of

privilege against self-incrimination is improper unless the claimant "can show some possibility that such a disclosure may lead to a criminal prosecution"). As defendants have pointed out, most of defendants' discovery requests have no possible connection to any potential criminal prosecution of plaintiffs, and plaintiffs have refused to respond to discovery with no legitimate Fifth Amendment basis for doing so.

Because defendants' discovery requests are reasonable and relevant and because plaintiffs have provided no legitimate basis for failing to answer them adequately, I will grant defendants' motions to compel in all of these cases. Plaintiffs must respond fully to defendants' discovery requests by the deadline set forth below. In particular, plaintiffs must provide complete and substantive responses to all of defendants' interrogatories and requests for production of documents, including by providing defendants with: (1) a list of all individuals with knowledge about plaintiffs' claims and a description of the subjects of information possessed by each person; (2) a list of all individuals who witnessed the incidents alleged in plaintiffs' complaints; (3) information about plaintiffs' claims for damages; and (4) copies of the documents requested by defendants, or in the alternative, a description of each document and an explanation for why plaintiffs cannot produce it.

Defendants request an award of the costs and fees that they incurred in bringing this motion. Because plaintiffs have made some effort to respond to defendants' discovery requests, I will deny defendants' request for costs and fees at this time. But if plaintiffs do not comply with this order by the deadline set forth below, I will consider imposing monetary or other sanctions, including dismissal of this case.

**C.  Motion for protective order regarding depositions in all cases**

The county and school district defendants have moved for a protective order in all of these cases, seeking a court order that specifies the terms of plaintiffs' depositions which are scheduled between May 27 and June 3, 2020. As set forth in defendants' submissions, defendants have noticed and rescheduled the plaintiffs' depositions multiple times, at plaintiffs' requests. On April 23 and 24, defendants served plaintiffs with new notices, directing them to appear for depositions between May 27 and June 3, at defendants' counsel's offices in Madison. Defendants intended to follow social distancing guidelines during the deposition, allowing only the videographer, deponent, and one representative from defendants' counsel in the large conference room where the deposition is set to occur, along with other safety measures. Other individuals would participate in the depositions via Zoom.

But on May 12, Magistrate Judge Crocker issued a text only order, in response to motions to quash filed by defendants in case 18-cv-368-jdp, stating that the court was not requiring parties to appear for in-person depositions in light of the coronavirus pandemic. Dkt. 175 in 18-cv-368-jdp. Defendants responded quickly to the Judge Crocker's order seeking clarification about whether the depositions scheduled for May 27, May 28, and June 3 can proceed as planned. Plaintiffs O'Grady, Crystal Thom, and David Thom responded to defendants' motion for a protective order, stating that they oppose in-person depositions for several reasons, including their health and safety. It is not clear whether the other plaintiffs also oppose the in-person depositions.

I will not preclude the parties from conducting in-person depositions as scheduled, if all of the parties feel comfortable doing so. But in light of the ongoing coronavirus pandemic, I will not require plaintiffs to attend the May 27, May 28, and June 3 depositions in-person. I

understand that an in-person deposition likely would be easier for defendants to arrange, control, and record, particularly in light of plaintiffs' pro se status and history of resistance to the discovery process. But there are health and safety risks with in-person depositions, even with the safety measures proposed by defendants. Defendants can use Zoom or similar technology to capture an audio and video recording of the depositions that can be submitted later for transcription, or a court reporter can participate in the Zoom deposition. Individuals can participate in a Zoom meeting via computer or telephone, which should reduce the concern about plaintiffs' ability to participate. For these reasons, the parties must attempt to conduct depositions remotely, using Zoom or similar technology before the court will consider requiring in-person depositions.

Plaintiffs should not interpret this order as an excuse to avoid their depositions. Plaintiffs must make a good-faith effort to participate in remote depositions arranged by defendants. If plaintiffs refuse to do so, or if the remote depositions are unsuccessful for other reasons, the parties should notify the court immediately so that the court can reconsider whether to require in-person depositions or take any other action necessary to move this case forward.

Finally, I note that if plaintiffs invoke the Fifth Amendment at their depositions and refuse to answer questions without a legitimate basis Fifth Amendment basis for doing so, the court will consider imposing sanctions on plaintiffs, including dismissal of their cases.

ORDER

IT IS ORDERED that:

1.  Plaintiffs' motion to disqualify counsel in 18-cv-518-jdp, Dkt. 25, is DENIED.

2.  Plaintiff Raymond Boyle's motion for an extension of time to respond to the motion for sanctions, Dkt. 94, is GRANTED.

3.  Defendants' motions for sanctions in 18-cv-518-jdp, Dkt. 56 and Dkt. 59, are GRANTED, as set forth above. Defendants may have until May 29, 2020, to submit an itemized statement of the fees and costs incurred in responding to plaintiffs' motion to disqualify counsel and in preparing their motions for sanctions. Plaintiffs may have until June 5, 2020 to file a brief in opposition, solely addressing the amount of costs and fees requested by defendants.

4.  The motions to compel discovery from plaintiffs Michael O'Grady, David Thom, Crystal Thom, Raymond Boyle, William Cadwallader, and Robert Wentworth filed by the Portage defendants, Dkt. 141; Dkt. 147; Dkt. 154 in 18-cv-368-jdp; Dkt. 56; Dkt. 62; Dkt. 69 in 18-cv-582-jdp; Dkt. 27 in 19-cv-515-jdp; Dkt. 38; Dkt. 42; Dkt. 46; Dkt. 51; Dkt. 64; Dkt. 68 in 19-cv-518-jdp, Dkt. 33 in 19-cv-516-jdp; Dkt. 26 in 19-cv-517-jdp, are GRANTED. Plaintiffs may have until May 27, 2020 to supplement their responses to defendants' discovery requests as set forth above.

5.  Defendants' motion for a protective order, Dkt. 176 in 18-cv-368; Dkt. 91 in 18-cv-582-jdp; Dkt. 38 in 19-cv-515-jdp; Dkt. 109 in 19-cv-518-jdp; Dkt. 52 in 19-cv-516-jdp; Dkt. 40 in 19-cv-517-jdp, is GRANTED IN PART and DENIED IN PART, as set forth above. The depositions may proceed on the dates as scheduled, but the depositions must be conducted remotely unless all of the parties involved agree to in-person depositions.

Entered May 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge