IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID THOM, CRYSTAL THOM,
and MICHAEL O'GRADY,

        Plaintiffs,

v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

        Defendants.

ORDER

18-cv-368-jdp

---

MICHAEL O'GRADY, DAVID THOM, and
CRYSTAL THOM,

        Plaintiffs,

v.

CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBERT KVALO, DANIEL GARRIGAN,
CHARLES POCHES, PETER HIBNER, MATTHEW
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

        Defendants.

ORDER

18-cv-582-jdp

---

| | |
|---|---|
| MICHAEL O'GRADY, | |
| Plaintiff, | |
| v. | ORDER |
| CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, KEVIN TODRYK, MARIE MOE, and DAWN WILCOX, | 19-cv-515-jdp |
| Defendants. | |

| | |
|---|---|
| MICHAEL O'GRADY, RAYMOND BOYLE, ROBERT WENTWORTH, CRYSTAL THOM, DAVID THOM, and WILLIAM CADWALLADER, | |
| Plaintiffs, | |
| v. | ORDER |
| COLUMBIA COUNTY, CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, VERN GOVE, JOSEPH RUF, SHAWN MURPHY, MATHEW FOSTER, CHARLES POCHES, MARK HAZELBAKER, ANYTIME FITNESS CORP., ANDREW GUNDLACH, MARK SMIT, BENJAMIN OETZMAN, ALEXANDER AGNEW, DENNIS RICHARDS, MAX JENATSCHECK, and CHARLES CHURCH, | 19-cv-518-jdp |
| Defendants. | |

On May 21, 2020, I entered an order in all of these cases that granted defendants' motion to compel discovery and directed plaintiffs to supplement their discovery responses by May 27. I also denied plaintiffs' motion to disqualify defendants' counsel in case number 19-cv-518-jdp, and I granted defendants' motion to sanction plaintiffs under Rule 11 of the Federal Rules of Civil Procedure for filing the frivolous motion. On May 29, Magistrate Judge Crocker extended plaintiffs' deadline to supplement their discovery responses to June 5.

Now plaintiffs have filed another motion in each case requesting additional time to supplement their discovery responses. Plaintiffs say that they have provided some discovery materials to defendants, but that they need more time to respond fully. I will deny plaintiffs' request. Plaintiffs do not say how much more time they need, what discovery remains outstanding, or whether they have contacted defendants' counsel directly about needing additional time. Dispositive motions are due within the next couple of weeks in these cases, and plaintiffs have had ample time to respond to defendants' discovery requests. Therefore, if defendants have not received responses to all of their requests by now, defendants should notify the court immediately.

Plaintiffs have also filed a motion for reconsideration of the order granting Rule 11 sanctions in 18-cv-518-jdp. Plaintiffs state that they filed the motion to disqualify the law firms Axley Brynelson and Stafford Rosenbaum because plaintiffs thought that these law firms were acting with defendants to harass and intimidate plaintiffs and unfairly target plaintiffs for criminal prosecution. Dkt. 130. Plaintiffs state that they brought the motion in good faith, after finding their names on a list of "active warrants" in Columbia County. Plaintiffs concede now that the motion was frivolous and unsupported by law or evidence. But plaintiffs go on to argue that they should have moved to disqualify Kasieta Legal Group LLC and attorney Mark Hazelbaker, because new evidence shows that Kasieta and Hazelbaker have been coordinating with defendants to harass plaintiffs. Plaintiffs also state that monetary sanctions would impose an economic hardship on them, because they are either unemployed, underemployed, or have disabilities.

I will deny plaintiffs' motion for reconsideration. Plaintiffs do not explain clearly why finding their names on a list of "active warrants" caused them to file a motion to disqualify two

private law firms from representing defendants in this federal case. Plaintiffs also have provided no justification for their refusal to withdraw their motion after defendants' counsel notified them that the motion was frivolous and warned them that defendants would file a motion for sanctions. Because plaintiffs refused to withdraw the motion, defendants were forced to spend time and resources responding to it. In addition, although plaintiffs admit that they should not have moved to disqualify Axley Brynelson and Stafford Rosenbaum, plaintiffs' statements about Kasieta Legal Group and Attorney Hazelbaker show that plaintiffs still refuse to accept that counsel's representation of defendants in state proceedings does not provide a basis to disqualify counsel from representing defendants here.

Counsel from Axley Brynelson have requested $1,694.60 in costs and fees incurred in bringing their Rule 11 motion and responding to plaintiffs' motion to disqualify. Dkt. 120. The request is reasonable and is supported by documentation provided by counsel. Counsel from Stafford Rosenbaum have requested $7,200.80 in costs and fees. Dkt. 121. Counsel from Stafford also supported their request with documentation of their work. Nevertheless, I am reducing the fee award in light of the significant difference between the two fee requests, the plaintiffs' pro se status, and plaintiffs' statements about their ability to pay. I will direct plaintiffs to pay $1,000.00 to each set of defendants as a sanction for their frivolous motion.

If there are any future sanctions awarded against plaintiffs in these cases, I will not reduce the sanction in light of plaintiffs' pro se status or ability to pay.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for additional time to respond to defendants' discovery requests, Dkt. 189 in 18-cv-368-jdp; Dkt. 104 in 18-cv-582-jdp; Dkt. 48 in 19-cv-515-jdp;

4

   Dkt. 134 in 18-cv-518-jdp, is DENIED.

2. Plaintiff's motion for reconsideration of the sanctions order, Dkt. 130 in 18-cv-518-jdp, is DENIED.

3. The motion for sanctions filed by defendants Columbia County, Portage Community Schools, Vern Gove, Joseph Ruf, Mathew Foster, Charles Poches, Mark Smit, Benjamin Oetzman, Alexander Agnew, Dennis Richards, Max Jenatscheck, Charles Church, and the Portage Community Schools, Dkt. 120, is GRANTED. Plaintiffs Michael O'Grady, Raymond Boyle, Robert Wentworth, Crystal Thom, David Thom, and William Cadwallader must pay these defendants $1,000.00 by July 17, 2020 as a sanction for plaintiffs' frivolous motion to disqualify counsel.

4. The motion for sanctions filed by defendants City of Portage and Shawn Murphy, Dkt. 121, is GRANTED. Plaintiffs Michael O'Grady, Raymond Boyle, Robert Wentworth, Crystal Thom, David Thom, and William Cadwallader must pay these defendants $1,000.00 by July 17, 2020 as a sanction for plaintiffs' frivolous motion to disqualify counsel.

Entered June 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge