IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID THOM, CRYSTAL THOM,
and MICHAEL O'GRADY,

     Plaintiffs,

 v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

     Defendants.

ORDER

18-cv-368-jdp

MICHAEL O'GRADY, DAVID THOM, and
CRYSTAL THOM,

     Plaintiffs,

 v.

CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBERT KVALO, DANIEL GARRIGAN,
CHARLES POCHES, PETER HIBNER, MATTHEW
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

     Defendants.

ORDER

18-cv-582-jdp

| | |
|---|---|
| MICHAEL O'GRADY, RAYMOND BOYLE, ROBERT WENTWORTH, CRYSTAL THOM, DAVID THOM, and WILLIAM CADWALLADER, | |
| Plaintiffs, | |
| v. | |
| COLUMBIA COUNTY, CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, VERN GOVE, JOSEPH RUF, SHAWN MURPHY, MATHEW FOSTER, CHARLES POCHES, MARK HAZELBAKER, ANYTIME FITNESS CORP., ANDREW GUNDLACH, MARK SMIT, BENJAMIN OETZMAN, ALEXANDER AGNEW, DENNIS RICHARDS, MAX JENATSCHECK, and CHARLES CHURCH, | ORDER<br><br>19-cv-518-jdp |
| Defendants. | |

Defendants have filed several motions in these related cases, seeking sanctions, including dismissal of the lawsuits, against the plaintiffs for various reasons. This order addresses the motions that defendants have filed against plaintiffs Crystal Thom, David Thom, Raymond Boyle, Robert Wentworth, and William Cadwallader. I will address defendants' motions directed at plaintiff Michael O'Grady in a separate order.

Defendants have moved for dismissal of the claims brought by plaintiffs Crystal Thom, David Thom, Raymond Boyle, Robert Wentworth, and William Cadwallader in all of these cases on the grounds that these plaintiffs have failed to provide discovery responses as ordered by this court. I will grant defendants' motions to dismiss under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Under that rule, a court may dismiss a suit as a sanction for a party's failure to comply with a court order about discovery. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was "at fault" for the failure to

comply with discovery orders. *Ramirez*, 845 F.3d at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or gross negligence, rather than mere mistake or carelessness. *Id.*

Plaintiffs Crystal Thom, David Thom, Boyle, Wentworth, and Cadwallader are at fault for failing to respond to defendants' discovery requests in all of these cases. On May 21, 2020, I granted motions to compel filed by defendants in these three cases, ordering plaintiffs David Thom, Crystal Thom, Boyle, Wentworth, and Cadwallader to provide complete responses to defendants' discovery requests by May 27. Dkt. 182 in 18-cv-368; Dkt. 97 in 18-cv-582; Dkt. 118 in 19-cv-518. I warned plaintiffs that if they did not comply, I would consider dismissing their lawsuits as a sanction. Now defendants have notified the court that plaintiffs have not provided any additional discovery responses as ordered, and they request that these cases be dismissed under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Defendants also note that plaintiff Wentworth failed to attend his properly noticed deposition. None of the plaintiffs filed a response to defendants' Rule 37 motions.

Dismissal of these plaintiffs' claims is an appropriate sanction under the circumstances. Plaintiffs' actions have prejudiced defendants, as defendants have continued to incur costs and fees in attempting to litigate this case despite plaintiffs' refusal to participate adequately in discovery.

Defendants also filed motions in these cases to dismiss Crystal Thom's, David Thom's, Boyle's, and Cadwallader's claims under Rule 11 of the Federal Rules of Civil Procedure, on the ground that these plaintiffs did not conduct an adequate investigation of their claims before joining these lawsuits. Cadwallader did not respond to the motions. Boyle filed documents in

opposition to defendants' motions for sanctions, but Boyle's documents relate to an ongoing criminal case and are not responsive. The Thoms filed briefs in opposition to the sanction motions, stating that they thought their investigation was adequate and that thought that they could rely on other plaintiffs to conduct an adequate investigation. The Thoms also filed motions in each of these cases to amend the complaints to withdraw all of their claims without prejudice.

Because I am dismissing the claims brought by Crystal Thom, David Thom, Boyle, Wentworth, and Cadwallader under Rule 37(b)(2), I will deny defendants' Rule 11 motions as moot. And I decline to impose monetary sanctions on plaintiffs because I conclude that dismissal with prejudice is a sufficient sanction at this time. I will also deny the Thoms' motion to amend the complaints as moot.

But I caution these plaintiffs that, in the future, they should not join any lawsuit or sign any document filed with a court without knowing exactly what is in the document and without having personal knowledge or a reasonable basis for believing that what the document says is true and accurate. Plaintiffs also should not join any lawsuit unless they are prepared, and able, to comply with all procedural requirements and their obligations as litigants. It appears from the records in these cases that plaintiff O'Grady drafted most, if not all, of the pleadings filed in these cases, and that the other plaintiffs signed on because they supported O'Grady's motives. But that is not a good enough reason to sign a court document that contains allegations about which plaintiffs know nothing about or to join a lawsuit that plaintiffs were not prepared to prosecute.

ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss under Fed. R. Civ. P. 37(b)(2), Dkt. 191 and Dkt. 194 in 18-cv-368-jdp; Dkt. 106 and Dkt. 109 in 18-cv-582-jdp; Dkt. 135, Dkt. 140, Dkt. 143, Dkt. 147, and Dkt. 150 in 19-cv-518-jdp, are GRANTED. The claims brought by plaintiffs Crystal Thom, David Thom, Raymond Boyle, Robert Wentworth, and William Cadwallader in these three cases are DISMISSED with prejudice under Fed. R. Civ. P. 37(b)(2). The caption shall be amended to remove these plaintiffs from these three cases.

2. Defendants' motions under Fed. R. Civ. P. 11, Dkt. 200 in 18-cv-368-jdp; Dkt. 115 in 18-cv-582-jdp; Dkt. 157 in 19-cv-518-jdp, are DENIED.

3. Plaintiffs Crystal Thom and David Thom's motions to amend the complaints, Dkt, 205 in 18-cv-368-jdp; Dkt. 120 in 18-cv-582-jdp; Dkt. 164 in 19-cv-518-jdp, are DENIED.

4. Plaintiff Raymond Boyle's motions to deny sanctions, Dkt. 156 and Dkt. 169 in 19-cv-518-jdp, are DENIED.

Entered July 23, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge