IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL O'GRADY,

      Plaintiff,

 v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH     ORDER
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN       18-cv-368-jdp
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

      Defendants.

---

MICHAEL O'GRADY,

      Plaintiff,

 v.

                   ORDER
CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBERT KVALO, DANIEL GARRIGAN,
CHARLES POCHES, PETER HIBNER, MATTHEW    18-cv-582-jdp
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

      Defendants.

| | |
|---|---|
| MICHAEL O'GRADY, | |
| Plaintiff, | |
| v. | ORDER |
| CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, KEVIN TODRYK, MARIE MOE, and DAWN WILCOX, | 19-cv-515-jdp |
| Defendants. | |

| | |
|---|---|
| MICHAEL O'GRADY, | |
| Plaintiff, | |
| v. | ORDER |
| COLUMBIA COUNTY, CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOLS, VERN GOVE, JOSEPH RUF, SHAWN MURPHY, MATHEW FOSTER, CHARLES POCHES, MARK HAZELBAKER, ANYTIME FITNESS CORP., ANDREW GUNDLACH, MARK SMIT, BENJAMIN OETZMAN, ALEXANDER AGNEW, DENNIS RICHARDS, MAX JENATSCHECK, and CHARLES CHURCH, | 19-cv-518-jdp |
| Defendants. | |

These cases started out with several plaintiffs suing several defendants associated with local law enforcement, a school district, and other government entities. In a previous order, I dismissed under Rule 37 of the Federal Rules of Civil Procedure the claims brought by all of the plaintiffs in these cases, except plaintiff Michael O'Grady's claims, because the plaintiffs had failed to provide discovery responses to defendants as ordered by this court. Defendants now have filed a motion in these cases asking the court to sanction O'Grady under Rule 37 as well, on the ground that he has also failed to provide discovery responses as ordered by this court. Defendants request that the court dismiss all of O'Grady's claims and require him to pay

2

their costs and fees incurred in bringing the motion. For the reasons below, I will deny defendants' motion. But I will order O'Grady to organize and clarify his responses to defendants' discovery requests.

Also before the court is a motion to compel that O'Grady filed against Mark Hazelbaker in the 18-cv-368 and 18-cv-582 cases. Hazelbaker is not a defendant in the '368 or '582 cases, so I will deny the motion to compel in those cases.

ANALYSIS

On May 21, 2020, I granted a motion to compel filed by defendants in these four cases. Dkt. 182 in 18-cv-368; Dkt. 97 in 18-cv-582; Dkt 42 in 18-cv-515; Dkt. 118 in 19-cv-518. I ordered O'Grady and the other plaintiffs to provide complete responses to defendants' discovery requests by May 27, including: (1) a list of all individuals with knowledge about plaintiffs' claims and a description of the subjects of information possessed by each person; (2) a list of all individuals who witnessed the incidents alleged in plaintiffs' complaints; (3) information about plaintiffs' claims for damages; and (4) copies of the documents requested by defendants, or in the alternative, a description of each document and an explanation for why plaintiffs could not produce it. I warned the plaintiffs that if they did not provide complete discovery responses, I would consider imposing monetary or other sanctions, including dismissal of these cases.

Since May 21, O'Grady has filed several documents in all of these cases that he says are responsive to defendants' discovery requests. On May 27, he filed a document listing several individuals with knowledge of these cases and providing a description of the damages that he was seeking from various defendants. He also filed more than 800 pages of documents,

including transcripts and pleadings from state court cases, school district policies, billing records, and police reports. On June 1, O'Grady filed more documents, including additional claims for damages, more names of individuals with knowledge of the cases, and more than 600 pages of press clippings, John Doe petitions, purported discipline of individual officers, and transcripts of state court proceedings. On June 5, O'Grady filed a third supplementary discovery response, listing additional damages and providing 80 more pages of documents.

As defendants point out, O'Grady's discovery responses are confusing. He filed the same responses in all four cases, without specifying which documents were relevant to which case. It is also not clear from O'Grady's discovery responses how the documents are relevant to O'Grady's claims, and many of the documents appear to be irrelevant to all of the cases. O'Grady has provided so many different damages requests that it is impossible to determine the amount of damages that he is seeking or the factual bases for his requests. As for the individuals that he has identified as having knowledge about his cases, O'Grady has failed to provide identifying information about the individuals, and he has failed to explain clearly what information the individuals have about his cases.

Defendants contend that O'Grady's failure to provide proper discovery responses warrants dismissal of his cases. But I will not dismiss O'Grady's cases at this time. In contrast to the former plaintiffs whose claims I dismissed from these cases, O'Grady filed a brief in opposition to defendants' motions for sanctions, and states that he has made a good faith effort to respond to defendants' discovery requests. The numerous discovery responses that O'Grady filed appear to be an attempt to respond directly to the court's May 21 order directing O'Grady to provide information about (1) individuals with knowledge about his cases; (2) witnesses; (3) damages; and (4) documents. The May 21 order was captioned in all of O'Grady's cases, and

he responded similarly. Although his responses are confusing and inadequate, I conclude that O'Grady has made a good faith effort to respond.

I am also not persuaded that defendants have been significantly prejudiced by O'Grady's failure to provide clearer discovery responses. Defendants conducted a lengthy deposition of O'Grady, during which they could have asked him to clarify his discovery responses or provide answers to outstanding discovery requests. Defendants' briefs suggest that they have reviewed the documents submitted by O'Grady, and defendants have determined on their own that many of the documents he provided are irrelevant to legal claims in these cases. And, if O'Grady has failed to provide any documents or information to defendants that would have been responsive to defendants' discovery requests, O'Grady will be prohibited from relying on those documents or information at summary judgment or trial, unless he can show good cause for his failure to provide the information to defendants sooner. As for O'Grady's failure to provide a clear response regarding damages, and his claim for emotional distress damages in particular, defendants do not explain how O'Grady's delay on damages issues has affected their preparation of summary judgment materials.

For these reasons, I will deny defendants' motion to sanction O'Grady. But that does not mean that I will disregard O'Grady's failure to comply properly with his discovery responsibilities. O'Grady must work hard to organize and clarify his discovery responses for defendants, and he must provide complete responses to all outstanding discovery requests. This means that O'Grady must do the following:

- **Provide separate discovery responses for each case.** O'Grady must organize and separate his answers to interrogatories and his documents according to the case to which they are relevant.

- **Provide additional information about the individuals with knowledge about his cases, including details about the factual information the**

5

- **individuals possess**. O'Grady should also identify the particular case about which each individual has information.

- **Provide a complete and consistent answer to defendants' question about the amount of damages that O'Grady is seeking in each case.** This means that O'Grady must explain what act or omission by defendants relates to which element of his claimed damages, the date on which he incurred the damages, and the evidence or calculations upon which O'Grady relied upon to arrive at his dollar amounts.

- **Explain clearly whether he is seeking damages for emotional distress in each of these cases.** If O'Grady is seeking emotional distress damages, he must explain what actions of defendants caused the emotional distress and the type of emotional distress that O'Grady suffered. In addition, if O'Grady is seeking emotional distress damages, he must sign a medical release permitting defendants to review his mental health records for the past 10 years. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.").

O'Grady must provide the above information to defendants by the deadline set forth below. If he does not make a good faith effort to do so, I will dismiss these cases under Rule 37(b)(2).

ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss under Fed. R. Civ. P. 37(b)(2), Dkt. 207 in 18-cv-368-jdp; Dkt. 122 in 18-cv-582-jdp; Dkt. 52 in 19-cv-515-jdp; Dkt. 170 in 19-cv-518-jdp, are DENIED.

2. Plaintiff Michael O'Grady's motion to compel discovery from Mark Hazelbaker, Dkt. 223 in 18-cv-368-jdp and Dkt. 138 in 18-cv-582-jdp, are DENIED.

3. O'Grady must provide organized and clear discovery responses to defendants, as forth above, by August 20, 2020. If he fails to do so, I will dismiss these cases under Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Entered August 5, 2020.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge