IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL O'GRADY,

                Plaintiff,

v.

DANIEL GARRIGAN, CHARLES POCHES,
MATTHEW FOSTER, PETER HIBNER,
ROBIN KVALO, BRAD MEIXNER, KENNETH
MANTHEY, JASON STENBERG, ROBERT
BAGNELL, KEITH KLAFKE, BENJAMIN
NEUMANN, PETER WARNING, ANTHONY
BRAUNER, MICHAEL SCHUTZ, SCOTT KLICKO,
BRIAN NOLL, DAVID CLARK, MARK SMIT,
ALEXANDER AGNEW, BENJAMIN OETZMAN,
CORY MILLER, and GREGORY BISCH,

                Defendants.

OPINION and ORDER

18-cv-368-jdp

---

MICHAEL O'GRADY,

                Plaintiff,

v.

CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, ROBIN KVALO, DANIEL GARRIGAN,
CHARLES POCHES, PETER HIBNER, MATTHEW
FOSTER, BRAD MEIXNER, JASON STENBERG,
PETER WARNING, SUSAN CONNER, and KEITH
KLAFKE,

                Defendants.

OPINION and ORDER

18-cv-582-jdp

MICHAEL O'GRADY,

                Plaintiff,

v.

CITY OF PORTAGE, PORTAGE COMMUNITY
SCHOOLS, KEVIN TODRYK, MARIE MOE, and
DAWN WILCOX,

                Defendants.

OPINION and ORDER

19-cv-515-jdp

---

MICHAEL O'GRADY,

                Plaintiff,

v.

COLUMBIA COUNTY, CITY OF PORTAGE,
PORTAGE COMMUNITY SCHOOLS, VERN GOVE,
JOSEPH RUF, SHAWN MURPHY, MATHEW
FOSTER, CHARLES POCHES, MARK HAZELBAKER,
ANYTIME FITNESS CORP., ANDREW GUNDLACH,
MARK SMIT, BENJAMIN OETZMAN, ALEXANDER
AGNEW, DENNIS RICHARDS, MAX
JENATSCHECK, and CHARLES CHURCH,

                Defendants.

OPINION and ORDER

19-cv-518-jdp

---

I granted defendants' motions for summary judgment in these four cases. Plaintiff Michael O'Grady filed a notice of appeal in the '368 and '582 cases. O'Grady has now filed eight motions in the four cases. Defendants ask me to deny the motions and sanction O'Grady.

O'Grady filed three motions in each case in which he cited to Rule 52(a) of the Federal Rules of Civil Procedure as the basis for relief, and he filed three motions in each case in which he cited to Rule 60. O'Grady filed an additional motion in the '518 case, requesting that I vacate a previous sanctions order. Dkt. 273. In all of his motions, O'Grady argues that the court erred by granting summary judgment to defendants without permitting him to conduct

2

additional discovery. He also complains that the court did not respond adequately to his arguments or to the evidence he presented.

Defendants argue that the court should deny O'Grady's motions because the '368 and '582 cases are on appeal, because Rule 52 does not apply to cases decided on summary judgment, and because O'Grady has not identified any valid basis for relief under Rule 60. Defendants also ask for Rule 11 sanctions for O'Grady's post-judgment motions.

I'll deny all O'Grady's motions because he has not identified any valid basis for relief from judgment in any of these cases. I will also deny defendants' request for monetary sanctions. (So I will deny as unnecessary O'Grady's requests for additional time to respond to defendants' sanctions motions.) I will not bar O'Grady from making pro se filings as defendants request, but I will limit his filings. From now on, O'Grady will need permission from the court before serving any document on an opposing party in any future litigation, and I will impose a five-page limit on any document that O'Grady files in this court, unless the court authorizes a larger filing in advance.

## ANALYSIS

A threshold question is whether this court has jurisdiction to consider O'Grady's motions. Defendants argue that because O'Grady filed notices of appeal in the '368 and '582 cases, this court cannot resolve his motions, at least in those two cases. But defendants are incorrect. District courts retain jurisdiction to consider timely motions filed under Rule 59(e). Fed. R. App. P. 4(a)(4)(B)(i); *Sultan v. Fenoglio*, 775 F.3d 888, 889 (7th Cir. 2015); *Katerinos v. U.S. Dept. of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). And, although O'Grady cited Rules 52 and 60 in support of his motions, the court construes motions for relief from judgment

3

that are filed within 28 days of the date of judgment to be motions filed under Rule 59(e). *See Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019) (Rule 59(e) governs motions to reconsider filed within 28 days of entry of judgment); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because O'Grady filed two motions in each case challenging the merits of the court's decision within 28 days of the entry of judgment, those motions are governed by Rule 59(e).

The motions that O'Grady filed more than 28 days after the entry of judgment are governed by Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). And district courts retain jurisdiction to consider and deny Rule 60(b) motions during the pendency of an appeal. *Simons v. Gorsuch*, 715 F.2d 1248, 1252 (7th Cir. 1983). So this court has jurisdiction to resolve O'Grady's motions.

But O'Grady is not entitled to relief under either Rule 59(e) or Rule 60(b). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Insurance Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). O'Grady's arguments do not fit into either category. Instead, he raises the same arguments and evidence that I considered and rejected in granting defendants' motions for summary judgment. As I explained previously, the undisputed evidence did not support a conclusion that any defendant violated O'Grady's constitutional rights. Because O'Grady has identified no errors of law or fact in my previous decision and no newly discovered evidence, he cannot obtain relief under Rule 59(e).

Rule 60(b) authorizes district courts to vacate a judgment for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

4

      3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      4) the judgment is void;

      5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    O'Grady has not shown that he is entitled to relief for any of the reasons listed above. He argues that he could have obtained additional evidence to support his claims if the court had permitted him to conduct additional discovery before resolving defendants' summary judgment motions. But at the time of the summary judgment decision, the '515 and '518 cases had been pending for more than a year, and the '368 and '582 cases had been pending for more than two years. O'Grady does not provide a good explanation for why he failed to collect the evidence he needed while discovery was ongoing. Nor does O'Grady explain how additional evidence would alter the outcome of these cases. As explained in the summary judgment decision, O'Grady's claims had no basis in fact or law. I am not persuaded that additional discovery would have changed the outcome of any of his claims.

    O'Grady argues in his post-judgment motions that the court's explanations for rejecting his claims were not persuasive or sufficient. But O'Grady's questions and complaints do not provide a valid basis for vacating the judgment. His arguments are the same arguments that I considered and rejected already. Therefore, for the reasons explained in my previous orders, I will deny O'Grady's motions for post-judgment relief.

I will also deny O'Grady's request for relief from a previous sanctions order in the '518 case. I imposed monetary sanctions on O'Grady for filing a frivolous motion to disqualify counsel in that case. O'Grady identifies no persuasive reason to vacate or modify my previous decision.

I will deny defendants' request that the court impose additional monetary sanctions on O'Grady under Rule 11. Defendants argue that O'Grady should be sanctioned for filing frivolous post-judgment motions because: (1) he cited to Rule 52, which does not apply to cases decided on summary judgment; (2) he cited to the incorrect subsection of Rule 60 (regarding clerical errors); and (3) he asked for relief for denial of a non-final order on a discovery issue. But I am not persuaded that a pro se litigant should be sanctioned for citing to the incorrect rule in a post-judgment motion. Although O'Grady cited to incorrect rules, his post-judgment motions raised arguments, albeit feeble ones, that are frequently raised in such motions. He criticized the court for earlier discovery rulings, he argued with the court's reasoning, and he complained that his analysis was rejected. Although his arguments were unsuccessful, they were not so frivolous as to be sanctionable.

That being said, I agree with defendants that O'Grady's frequent and repetitive filings are excessive and sometimes abusive to the court and other parties. O'Grady filed six motions for post-judgment relief, but all of his motions raised similar arguments. There was no good reason for him to file so many motions. And throughout these lawsuits, O'Grady has frequently filed lengthy and successive motions that obviously lacked merit or repeated arguments that had been rejected previously. Under the circumstances, I agree with defendants that the court should take steps to prevent O'Grady's excessive filings.

6

Defendants suggest that the court prohibit O'Grady from filing any lawsuit or motion in federal court that has not been reviewed by an attorney first. But that requirement would likely bar O'Grady from all access to the court. I'll take a middle course, leaving O'Grady an avenue to file meritorious cases without abusing the process. In one of his recent cases, I ordered that any future complaint filed by O'Grady would be screened by the court for compliance with the Federal Rules of Civil Procedure and to determine whether it states a claim on which relief can be granted before the complaint may be served on any defendant. Dkt. 98 in 19-cv-248-jdp. I will now extend that restriction to all pleadings, motions, and other documents that O'Grady files in this court. That is, O'Grady may not serve any document on an opposing party until he receives permission from the court to do so. In addition, O'Grady may not file any pleading or motion in this court that exceeds five pages unless he first receives permission from the court to do so. If these measures are insufficient to restrain O'Grady's frivolous, abusive, and redundant filings, I will consider additional sanctions.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael O'Grady's motions for relief from judgment, Dkt. 291–293, Dkt. 300, Dkt. 314, Dkt. 315 in 18-cv-368-jdp; Dkt. 207– 209, Dkt. 216, Dkt. 230, Dkt. 231 in 18-cv-582-jdp; Dkt. 99, Dkt. 105, Dkt. 106, Dkt. 113, Dkt. 126, Dkt. 128 in 19-cv-515-jdp; and Dkt. 256–258, Dkt. 283–285 in 19-cv-518-jdp are DENIED.

2. O'Grady's motions for extensions of time, Dkt. 298 and Dkt. 313 in 18-cv-368-jdp; Dkt. 214 and Dkt. 229 in 18-cv-582-jdp; Dkt. 111 and Dkt. 125 in 19-cv-515-jdp; and Dkt. 263 and Dkt. 282 in 19-cv-518-jdp are DENIED.

3. O'Grady's motion for relief from sanctions, Dkt. 273 in 19-cv-518-jdp, is DENIED.

4. Defendants' motions for sanctions, Dkt. 306 and Dkt. 316 in 18-cv-368-jdp; Dkt. 222 and Dkt. 232 in 18-cv-582-jdp; Dkt. 118 and Dkt. 131 in 19-cv-515-jdp; Dkt. 269 and Dkt. 286 in 19-cv-518-jdp are DENIED.

5. O'Grady may not file any motion, pleading, or other document in this court that exceeds five pages, including attachments, unless he receives permission from the court to do so. O'Grady also may not serve any pleadings, motions, or other documents on an opposing party in any ongoing or future litigation in this court unless he has received permission from the court to do so.

Entered February 9, 2021.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge